324 So.2d 659 (1975)
Deanna V. BYRD, Appellant,
v.
William R. BYRD, III, Appellee.
No. 75-725.
District Court of Appeal of Florida, Second District.
December 31, 1975.
Rehearing Denied January 26, 1976.
*660 Gerald R. Colen, St. Petersburg, for appellant.
Wayne O. Smith, of Wallace & Smith, St. Petersburg, for appellee.
SCHEB, Judge.
The trial court entered a judgment of dissolution of marriage, adopting a property settlement agreement entered into by the parties but modifying the support provision to limit the wife's alimony rights. Upon appeal by the wife, we reverse.
The appellant wife and appellee husband were married in 1961, and have three children, ages 11, 8 and 6. The husband, a college graduate, is executive vice president of a bank. His gross earnings are approximately $20,000 per year. The wife is age 33 and has a high school education. She holds part time jobs as a teacher's aide and cashier, with a doubtful future as to one of these positions. Presently her gross earnings are approximately $90.00 per week. The parties separated in June 1974, and on July 6, 1974, entered into a property settlement agreement covering child custody, division and sale of property, and child support and alimony. The terms were discussed at the home of the husband's parents and after the parties reached an accord, the husband's father reduced their terms to writing. Albeit, no legal counsel was present, both the husband and his father are college trained and while the agreement may be lacking in the artful language usually employed by attorneys, it, nevertheless, represents a comprehensive resolve of the legal aspects of their matrimonial relationship. Prior to the judgment of dissolution, the wife conveyed her interest in a parcel of jointly owned real estate and the proceeds were, in accordance with the agreement, largely used to pay off some marital debts.
On August 8, 1974, the husband petitioned for dissolution, seeking to incorporate the agreement into any forthcoming judgment; subsequently he amended his petition and requested the court to set it aside. That proceeding was dismissed and on November 18, 1974, the instant petition for dissolution was filed by the wife. She sought to enforce the agreement. At this stage, the husband sought to set it aside as being unconscionable, unfair and overreaching. Counsel for the parties stipulated that the agreement was not tainted by any fraud or duress.
*661 The evidence at trial did not support overreaching by the wife; nor was there a showing of unfairness. The husband testified he was well aware of his own financial circumstances when he entered the agreement and he offered no evidence of any subsequent change in his financial situation. The thrust of his claim was based upon being upset and not having counsel when he signed the agreement.
The trial judge granted the dissolution and included in the judgment all of the terms of the agreement except the court decreed: "... the support provision contained therein [shall] be set aside." In sum, the effect of the court's ruling was to strike the wife's entitlement to $700.00 per month alimony and support for herself and the three minor children and in lieu thereof, to require the husband to pay her $75.00 per week for three years as rehabilitative alimony with an additional $75.00 per week for child support.
This appeal focuses on the role of a trial judge in reviewing a post-nuptial property settlement agreement untainted by fraud, duress, or overreaching by either of the parties.
The appellant wife urges we align this court with the recent opinion in our sister court in Bailey v. Bailey, Fla.App.4th 1975, 300 So.2d 294, citing the rationale of Posner v. Posner, Fla. 1970, 233 So.2d 381, concerning ante-nuptial agreements. There the Fourth District Court held that a post-nuptial property settlement agreement, not tainted by fraud or overreaching and fairly entered into after full disclosure, is valid and binding as to conditions existing at the time of the agreement. Such agreement, the court opined, is subject to modification by the trial court only upon a showing under Fla. Stat. § 61.14 of a change of circumstances subsequent to the execution of the agreement.
The appellee husband, on the other hand, cites us to Dawkins v. Dawkins, Fla.App.2d 1965, 172 So.2d 633, wherein we held the trial judge did not abuse his discretion by rejecting that part of a property settlement agreement whereby a wife waived alimony, the court there having found that the rejected part of the agreement was unfair and overreaching.
We affirm the result reached in Dawkins, but hold that here the trial judge abused his discretion in refusing to incorporate the entire agreement of the parties into the judgment of dissolution. We need not and do not hold as our sister court, the Fourth District has in Bailey that it is necessary for the court to find fraud, overreaching, or a change in circumstances before the trial court may modify a post-nuptial property settlement agreement. Clearly, a trial judge is vested with discretion to determine the fairness of these agreements in light of the evidence of the needs and abilities of the respective spouses before incorporating the agreement into a final judgment. But, in the instant case the trial judge abused his discretion because:
(1) There was no evidence of unfairness or overreaching.
(2) There was sufficient evidence of the husband's ability to comply with the terms of the agreement.
(3) There was abundant evidence of the wife's needs for more than a rehabilitative type of alimony.
(4) The evidence shows the wife, in reliance on the total agreement, had performed in part by joining in sale of certain improved property to enable the husband to discharge certain marital debts.
Effectively the court here converted an agreement freely and voluntarily entered into by the parties whereby the wife was provided the security she requires to maintain a home life for their children into a vehicle which afforded her only a rehabilitative alimony for a three year period; and the record does not justify a conclusion *662 that she will likely be in any better position three years from now.
Accordingly, the case is reversed and remanded to the trial court for further proceedings consistent with this opinion.
McNULTY, C.J., and BOARDMAN, J., concur.