DORIS ZUPANCIC, Plaintiff-Appellee, *v.* JOSEPH ZUPANCIC, Defendant-Appellant.

Third District   No. 75-473

Opinion filed May 9, 1977.

Kevin Kelly, of La Salle, for appellant.

Gerald M. Hunter, of Oglesby, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was initially commenced by Doris Zupancic seeking separate maintenance from her husband, Joseph Zupancic. The circuit court of La Salle County entered a decree of separate maintenance in favor of the plaintiff in July 1954. The decree included a provision the defendant pay to plaintiff the sum of $30 per week for the support of the plaintiff and the two minor children of the marriage. In April 1975, Doris Zupancic filed a petition for rule to show cause against Joseph Zupancic alleging there was an arrearage due her under the terms of the separate maintenance decree of $12,130. Joseph Zupancic answered the petition and also filed his own petition seeking to modify the separate maintenance decree by terminating the payment provision. Since each party has filed a petition seeking post-decretal relief, we will, as a matter of convenience, continue to designate them plaintiff and defendant as they appear in the initial proceeding.

After a hearing the trial court determined there was an arrearage due under the provisions of the separate maintenance decree in the amount of $11,090 and entered judgment for this amount against the defendant. The trial court also granted the defendant's motion to modify the decree by terminating its payment provision. The defendant has appealed from the judgment against him and the plaintiff has filed a cross-appeal from the order terminating the provision of the separate maintenance decree.

At the time of the entry of the separate maintenance decree in April 1954, the parties had two minor children. The order providing for payment of $30 per week for the support of the plaintiff and the minor children did not divide the payment into segments or otherwise specify any particular amount for any of the three people involved. The oldest child became emancipated by her marriage in 1959 and the youngest child became emancipated by his entry into the military service in 1966. Defendant made payments to the plaintiff from 1954 until early in 1970. For about one-third of this period the payments were $30 per week and for the other two-thirds of the period the payments were $25 per week. Because of business problems the defendant ceased making payments after early 1970, telling the plaintiff at the time his reasons for being unable to continue the payments. No payments were made by the defendant after the early part of 1970.

The foregoing facts as shown by the evidence were substantially undisputed. What was disputed before the trial court was the defendant's

claim there was an agreement between the parties which excused or justified his noncompliance with the support order. According to defendant's testimony, $15 of the weekly payment was allocated for the support of the older child, $10 was allocated for the support of the younger child and the remaining $5 was allocated for the support of plaintiff. Furthermore, according to the defendant, when each of the children became of age, the amount of the weekly payment was to be reduced by the amount allocated for the support of such child. The plaintiff in her testimony denied there was any such agreement or that there was any allocation of the weekly payment intended or provided.

As indicated earlier, the trial court found the issue on arrearage in favor of plaintiff and entered judgment for such arrearage against the defendant.

■■ On this appeal the defendant argues the trial court erred in entering judgment against him for the amount of the arrearage because the application of equitable principles requires a contrary result. Defendant's position is based on his claim that the agreement and its terms were established by the evidence as a matter of law.

With respect to disputes over property, alimony, or support, which may arise in the course of settling marital affairs, the general rule is that agreements between the parties will be approved by the court if found fair and reasonable. Subsequent agreements to vary the provisions of a decree may also be the basis for a modification of the decree provisions. (See *Page v. Page*, 30 Ill. App. 3d 514, 334 N.E.2d 212.) However, the provisions of a decree are not to be taken lightly and the party seeking to assert an agreement not theretofore approved by the court as a modification of a prior decree, bears a heavy burden.

■■ Notwithstanding the defendant's contrary assertions, we find the trial court acted properly in determining the rights and obligations of the parties based on the provision of the separate maintenance decree. Such decree was unaffected by any subsequent agreement because the evidence amply supports the court's determination there was no such agreement. The conduct of the parties is most critical and in the instant case the defendant's own conduct belies the existence of any agreement contrary to the provision in the separate maintenance award. Only two salient features of the defendant's conduct need be noted. First, the fact that he made the payments that he did over the 16-year period and second, he declined to make further payments in 1970, not because of any agreement, but because of his poor financial condition. If the evidence failed to demonstrate the existence of any such agreement, as we believe it did, then the defendant can claim no equities based on such an agreement.

■■ Defendant also argues the plaintiff should be estopped from

enforcing the separate maintenance award. This argument appears to be based on the existence of the agreement, a theory which we have rejected, as well as the failure of the plaintiff to seek enforcement of the award for more than five years after the defendant ceased making payments. We find no merit in this claim. The defendant himself recognizes the general rule is that the right to payments provided for in such a decree is vested and will ordinarily be enforced in the absence of overriding equitable considerations. We do not find from the record that any such equitable considerations favor the defendant's position on this issue. The cessation of payments in 1970 resulted allegedly from the defendant's own financial conditions. He did not rely on and was not misled by any conduct of the plaintiff.

■■ This brings us to the cross-appeal of plaintiff and her contention the trial court erred in modifying the separate maintenance award by terminating the payment provision. We find no merit to the plaintiff's position and do not believe any extensive discussion is required.

In her response to the petition for modification of the decree, the plaintiff asserted as an affirmative defense that the defendant was guilty of misconduct which precluded him from seeking and the court granting the relief which he requested. The nature of the misconduct described in the affirmative defense was that the defendant had been living for many years with another woman as husband and wife.

■■ The plaintiff has failed to call our attention to any cases supporting her position and consequently, we are not persuaded of the correctness of her position. On the contrary, we believe that support payments are designed to meet a need growing out of the marital relationship and the desire for punishment, although it often exists, may not be the sole basis for determining the rights of the parties. No claim is made on this appeal and the record would not support such a claim, that the order of the trial court terminating the support payments is not supported by the evidence. The court did receive evidence of the needs and financial abilities of each party and his conclusion that the plaintiff was well able to support herself is amply supported by the record.

For the foregoing reasons the judgments of the circuit court of La Salle County are affirmed.

Judgments affirmed.

STENGEL, P. J., and ALLOY, J., concur.