# In the Matter of the Dissolution of the Marriage of
## MOLLIER, *Appellant,*
*and*
## MOLLIER, *Respondent.*
(No. 77-556, CA 9451)
577 P2d 94

Robert L. Stevenson, Coos Bay, argued the cause for appellant. With him on the brief was Stevenson, Rossi, Lesan & Johansen, Coos Bay.

No appearance by respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

The wife appeals the dissolution of marriage decree, and in particular the division of property and the amount of child support. The husband has made no appearance in this appeal. The parties were married 17 years and have three children aged 17, 15 and 13. The trial court awarded custody of the children to the wife. The husband is employed as a loading supervisor for a stevedoring firm and has a net income of $1,400 per month. His employer also pays for medical, dental and life insurance, and contributes to a retirement pension plan. The wife has been employed since May, 1976, as an accounting clerk and has a net income of $470 per month.

The principal asset of the marriage is the residence. The parties stipulated that the home would go to the party awarded custody of the children, subject to the other party retaining a one-half interest in the present equity. Pursuant to the stipulation the parties agreed to have the property appraised to determine the value of the equity. The appraisal had not been made at the time of trial. There is $20,000 mortgage on the property. The trial court rejected the stipulation and awarded the parties the residence as tenants in common subject to the condition that the wife and children could continue to reside there until the youngest child reached majority.

The wife contends the trial court should have honored the stipulation. As a general rule, property settlement agreements should be given effect if the agreement is "just and proper in all the circumstances." ORS 107.105(1)(e). However, special circumstances exist here which explain the trial court's decision. The wife has had a serious drinking problem. The trial court indicated that if she does not continue to cope with her problem, it would regard this as a change of circumstances warranting a change of custody. Both parties agreed that the best interests of the children would be that they continue to live in the

family home. Considering these circumstances the trial judge apparently concluded that the husband and wife should have an equal interest in the residence. We agree.

The remaining assets consisted of the following:

(1) 306 shares of common stock of the husband's employer which the trial court divided equally between the parties. The stock was paid to the husband as a bonus. The trial judge acknowledged that the stock may not be transferable. The only evidence concerning value is that the stated value of the stock at the time of issuance in 1971 was $3,060.

(2) The husband's life insurance which was awarded to the husband. The trial court concluded the life insurance does not "have a great deal of value." The insurance records indicate the value to be $3,700. The annual premiums of approximately $1,000 are paid by the husband's employer.

(3) The husband's one-fifth remainder interest in some California real property which had been given to him by his parents. There is no evidence as to the value of the remainder interest, but we must assume that it has some value.

(4) A 1975 Oldsmobile which was awarded to the wife, subject to an indebtedness of $950.

The husband was also required to pay the joint debts of the parties in the amount of $2,195. The trial court awarded the wife $100 per month spousal support for two years and child support of $125 per month per child.

■ We conclude that the stock, together with the life insurance and the remainder interest in the real property should have been awarded to the husband. To offset the value of these assets the husband shall pay the wife $5,000, together with interest from the date of the mandate. The time of payment shall be within the discretion of the husband, provided that payment is made within six years or when the residence is sold,

whichever occurs first. The indebtedness shall be a lien against the husband's tenancy-in-common interest in the residence. The child support shall be increased to $150 per month per child.

Affirmed as modified, no costs to either party.