BRADLEY, Judge.
This is a divorce case.
The wife, Elizabeth Relfe Seal, is a resident of Mobile County, Alabama. The husband, Kenneth Arthur Seal, is a resident of Falls Church, Virginia.
A complaint for divorce was filed by the husband in Mobile County, Alabama. The matter was set for hearing on January 25, 1979. At this time a settlement was reached between the parties and the agreement was presented to the court. The attorney for the wife was directed to prepare the divorce decree and submit it to the court within twenty days. The husband was to be given the opportunity to review the decree before it was submitted to the court. The case was ordered to be placed on the March trial disposition docket of the Mobile County Circuit Court.
Four days later on January 29, 1979 the husband filed a “Motion to Set Aside the Agreement and to Set Cause for Trial on Merits.” On February 2, 1979 the wife filed an answer to the motion to set aside the agreement. She asked that the motion be denied on the ground that it failed to allege facts showing mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure or any other reason justifying relief from judgment under Rule 60(b)(6) of the Alabama Rules of Civil Procedure.
A hearing on the motions was held on February 14, 1979. On March 9, 1979 the court set aside the agreement entered into by the parties on January 25, 1979 and set the case for trial on the merits. Trial was *640 held on September 19, 1979 and a final decree of divorce was entered on October 22, 1979. The appeal is from this decree.
The wife’s sole contention on appeal is that the trial court committed reversible error in granting husband’s “Motion to Set Aside the Agreement and to Set Cause for Trial on Merits.” In support of her contention, she argues that the trial court should have denied the husband’s motion on the basis of Rule 60(b)(6) or other appropriate ground.
The husband says that the trial court is not bound by agreements made by the parties before final judgment is entered. Also, he argues that Rule 60(b)(6) of the Alabama Rules of Civil Procedure is not applicable to the “Motion to Set Aside the Agreement and Set Cause for Trial on Merits” because no final judgment was ever entered adopting and confirming the agreement. The husband says that he could simply ask the court for permission to withdraw the agreement, and the court without committing error could permit the withdrawal. We agree.
The law in Alabama dealing with agreements made between litigants prior to trial is clear. In the case of Williams v. Williams, 261 Ala. 328, 74 So.2d 582 (1954), our supreme court said:
The trial court, in making its decree, is not controlled by the agreement of the parties. He may adopt or reject such parts of it as seem proper from the situation of the parties as shown by the evidence on the trial.
Russell v. Russell, 247 Ala. 284, 24 So.2d 124 (1945); Baumler v. Baumler, Ala.Civ.App., 368 So.2d 864 (1979); Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725 (1974).
In the case at bar the trial court was not bound to accept the agreement between the parties. Granting the motion to set aside the agreement and set the cause for trial on the merits was a proper exercise of judicial discretion considering the testimony given by the husband that he was under duress at the time of making the agreement and that the agreement was made involuntarily.
As contended by the husband, Rule 60(b)(6) of the Alabama Rules of Civil Procedure has no application to the “Motion to Set Aside the Agreement and Set Cause for Trial on Merits.” Rule 60(b)(6) provides:
[T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.
Rule 60(b)(6) contemplates a final judgment having been made. At the time the agreement was presented to the trial court on January 25, 1979 no final judgment had been entered. The wife had twenty days to prepare a decree and submit it to the court. Furthermore, the trial court placed the case on its March trial docket on the same day it was made aware of the agreement, i. e. January 25, 1979. Therefore Rule 60(b)(6) is inapplicable.
By allowing the husband to withdraw his agreement because it had been entered into involuntarily and under duress, the trial court properly exercised its discretion.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.