Argued and submitted at Pendleton, Oregon, May 10, 1991, reversed and remanded
for further proceedings June 3, 1992

In the Matter of the Marriage of

Terri L. MACKIE,
*Appellant,*
*and*

Richard H. MACKIE,
*Respondent.*

(90-03-33294; CA A66488)

832 P2d 1240

Anthony L. Worth, Pendleton, argued the cause for appellant. With him on the brief was Oregon Legal Services Corporation, Pendleton.

Stephen P. Riedlinger, La Grande, argued the cause for respondent. With him on the brief was Baum & Riedlinger, La Grande.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Mother appeals a judgment dismissing her petition for dissolution of marriage and an order granting father a writ of assistance to facilitate enforcement of a California order granting him custody of the parties' minor child. We reverse.

The parties were married in Oregon in 1985 and their child was born July 1, 1987. After the marriage, they lived in California until November, 1988, when mother moved to Oregon with the child. About 17 months later, in May, 1990, father brought a dissolution action in California and, although mother was properly served, she did not appear. A default judgment was entered by the California court, dissolving the marriage and awarding custody of the child to father.

After mother was served with summons in the California action, but before the default judgment was entered, she filed a petition for dissolution in Oregon, seeking dissolution, division of marital property and award of custody to her. The petition recited that the California action was pending and alleged that the child had been living with her in Oregon for the past 17 months. Father was not served in the Oregon action until after the judgment in the California action had been entered.

Father moved to dismiss mother's petition under ORCP 21A on the basis that the Oregon court did not have jurisdiction over the marriage, because it had already been dissolved by the California court, and that, even if the Oregon court did have jurisdiction to decide the custody issue, that issue had already been decided in California and the Oregon court was required to give the California judgment full faith and credit. In mother's written response to the motion, and at oral argument on it, she indicated that she did not challenge the California court's dissolution of the marriage, but she challenged the California custody decree because, she argued, the California court did not have jurisdiction over the custody issue. The court allowed father's motion, stating:

"[T]here was no legal relationship between the parties upon which this Court could exercise en rem [sic] jurisdiction and I am with respect to—beyond that and with respect to the

custody of the child, I am obligated to give the California decree full faith and credit. So, the motion is allowed."

After the motion was allowed, the court granted father's request for a writ of assistance so that he could take physical custody of the child. We stayed the writ pending appeal.

■    Mother assigns error to the trial court's conclusion that it was required to dismiss the case because "there was no legal relationship between the parties upon which this Court could exercise en rem [*sic*] jurisdiction." That conclusion appears to be based on father's first argument that, without a marriage to dissolve, the Oregon court did not have jurisdiction to award any of the other relief requested in this case, specifically, child custody. That argument appears to be based on ORS 107.105 and ORS 107.115, which provide that a court has jurisdiction to award the additional forms of relief provided in ORS 107.105, which include child custody, only when it issues a dissolution decree.

Mother argues that our decision in *Anderson and Anderson*, 102 Or App 169, 793 P2d 1378, *rev den* 310 Or 422 (1990), held that an Oregon court may award the additional forms of relief listed in ORS 107.105 whenever a foreign court dissolves the marriage of the parties. Mother reads *Anderson* too broadly.

In *Anderson*, the husband obtained a California judgment dissolving his marriage while the wife's dissolution action in Oregon was pending. The California court determined that it did not have jurisdiction to decide child custody, support or property issues. Those issues were later determined by the Oregon court in the wife's dissolution case. On appeal, the husband argued that the Oregon court did not have jurisdiction to determine those issues, because it had not issued the dissolution judgment. We held that, when a foreign divorce decree is rendered during the pendency of a dissolution proceeding in Oregon, registration of that foreign decree confers jurisdiction on the Oregon court to award the additional forms of relief listed in ORS 107.105.

In this case, as in *Anderson*, by the time the dissolution action came on for trial in Oregon, the marriage had already been dissolved in California; unlike in *Anderson*, the California judgment in this case was never registered in

Oregon. Consequently, the trial court did not have jurisdiction under ORS 107.105 to decide the child custody issue.

■ Mother also argues that ORS 109.730 provides an *independent* source for child custody jurisdiction and that, under that statute, the trial court had jurisdiction to address the child custody issue presented by mother's petition. ORS 109.730, which is part of the Uniform Child Custody Jurisdiction Act (UCCJA), provides, in part:

"(1)   A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a)   This state is the home state of the child at the time of commencement of the proceeding."

ORS 109.710(5) provides that:

" 'Home State' means the state in which the child, immediately preceding the time involved, lived with the parents of the child, a parent, or a person acting as parent, for at least six consecutive months * * *."

We agree that ORS 109.730 provides an independent basis for the exercise of jurisdiction over child custody matters. Indeed, a trial court must examine its jurisdiction under ORS 109.730 before making *any* child custody award in a situation where more than one state might exercise jurisdiction. In *State ex rel Pennsylvania v. Stork*, 56 Or App 335, 340, 641 P2d 660 (1982), we said that the jurisdictional requirements in ORS chapter 109 prevail over those in ORS chapter 107.

■ A remaining question is whether a trial court may treat mother's petition for dissolution and child custody as two separate causes of action so that it may dismiss one without dismissing the other. We see no principled reason why it cannot. It makes little sense to require mother to refile her action for child custody separately when the parties are properly before the court already and it has authority to determine the custody issue. We conclude that when a party to a dissolution proceeding makes a *prima facie* showing of child custody jurisdiction under UCCJA, the party may pursue the child custody question, even if the court lacks jurisdiction over the dissolution action.

■ Mother's petition for dissolution, her written response to father's motion to dismiss and her argument to

the trial court on that motion averred that the child had been a resident of Oregon for more than six months previous to the hearing. That was enough to make a *prima facie* showing that the Oregon court had jurisdiction to determine the child custody issue.[1]

■■ Mother also assigns error to the trial court's determination that it was required to give the California custody order full faith and credit. She argues that the California court did not have subject matter jurisdiction to award child custody in this case, and so the Oregon court erred in according full faith and credit to the California custody order. In order to determine whether to enforce a foreign child custody order, the trial court must examine the exercise of jurisdiction by the foreign court to determine whether it was proper under the uniform act's jurisdiction standards. ORS 109.830; *see Brooks v. Brooks*, 20 Or App 43, 50, 530 P2d 547, *rev den* (1975).

Although the issue was not very skillfully presented by the parties, there was enough before the trial court to put it on notice of a possible subject matter jurisdiction defect in the California judgment. Mother's petition informed the court that the child had been living with her in Oregon for the past 17 months and that there was a domestic relations suit pending in California. Although mother's petition did not contain all of the information required by ORS 109.790, it was enough to apprise the trial court of the existence of the jurisdictional problem before its decision to dismiss the case. The jurisdictional basis for the California court's order is not apparent from the record. Mother was entitled to a hearing on the issue of the propriety of California's assumption of jurisdiction under UCCJA. The trial court erred in dismissing mother's child custody petition without conducting an inquiry into the California court's assumption of jurisdiction in this matter and whether it could exercise jurisdiction.

Because, on remand, the court may assume jurisdiction to decide the custody dispute, we reverse the order granting the writ of assistance.[2]

---

[1] Except in unusual circumstances, UCCJA provides that jurisdiction to decide custody matters rests in the courts of a child's "home state."

[2] Mother contends, for the first time on appeal, that the Parental Kidnapping

Order granting writ of assistance reversed; judgment reversed and remanded for further proceedings not inconsistent with this opinion. Costs to wife.

Prevention Act, 28 USC § 1738A(b)(4), is a basis for challenging the California judgment. She did not raise that issue below, and we decline to address it.