Argued and submitted January 13, remanded with instructions in part; otherwise affirmed April 26, 1995

In the Matter of the Marriage of

Ann Lynette CROWLEY,
*Respondent,*

*and*

Larry Douglas CROWLEY,
*Appellant.*

(930068D; CA A84754)

894 P2d 1174

William G. Dick, II, argued the cause for appellant. With him on the brief was Dick & Dick.

Larry S. Bowe and Parker, Bowe, Blakely & Womble, P.C., waived appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband appeals from a dissolution judgment. He assigns error to the trial court's decision to award wife $15,000 as part of the division of marital property, and to require husband to pay $539 per month in child support for the couple's children. He argues that the record on which the court based its rulings on these issues was inadequate to support them. We agree with husband about one aspect of the $15,000 award, and we modify the judgment accordingly. Except for that modification, we affirm the trial court.

The parties were married in 1977 and have four children. Wife filed a petition to dissolve their marriage in September 1993. On the day before trial, the parties and their counsel met at length in an effort to resolve their differences over various issues, including property division, spousal support and child support. Through this effort, they were able to resolve a number of issues, but not all.

At trial, counsel for husband stated on the record the agreement the parties had reached about property division, custody, visitation and related issues, and the basis on which they had agreed to submit the remaining issues to the court. The agreement was never reduced to writing.

The parties agreed to what they characterized as an equal division of property. However, they were unable to agree on the value of certain assets, and on the disposition of a horse and some tack. They also could not agree on whether wife was entitled to spousal support, and on the amount of child support to be paid by husband.

They agreed that the record on which the court would decide the unresolved issues would consist of uniform support affidavits filed by the parties, documents that listed the agreed division of assets and the parties' differing views on the value of certain assets, and any testimony by the parties at trial. They also agreed that the parties' counsel could "argue and make statements" to the court about the disputed issues, and implied to the court that it could consider counsels' statements to be part of the evidentiary record.

Both husband and wife testified at trial. Their testimony consisted of responses to questions by the court about

the extent of their assets, about the value of certain assets and about the disputed horse and tack. They did not testify about their income, employment, work history or education.

In its decision, the court awarded the horse and most of the tack to wife. Husband raises no issue about this award on appeal. The court denied wife's request for four years of spousal support at $5,000 per year, but it added $15,000 to the property that the parties had agreed would be allocated to wife. At wife's option, this money may be paid from the proceeds of the sale of a parcel of real property, or may be applied against a $107,000 judgment awarded to husband. The $107,000 judgment in favor of husband represents his share of the value of the parties' residence, which was awarded to wife. The residence is separate from the parcel of real property that is to be sold. Finally, the court ordered husband to pay child support of $539 per month for the parties' children.

■ On appeal, husband argues that the award of $15,000 to wife as part of the property division is contrary to the parties' stipulated property settlement agreement and, on this record, was beyond the power of the court to make. We disagree.

Although the parties agreed to an equal division of assets, they were unable to agree on the value of the assets to be allocated to the parties. Wife valued the assets awarded to husband to be worth $20,000 more than husband valued them. The trial court was entitled to accept wife's valuation and, on that basis, to award $15,000 to wife to equalize the property awarded to both parties. On *de novo* review, we agree with the court's decision.

■ We agree with husband, however, that the court erred in giving wife the option to take the $15,000 from the proceeds of the sale of the parcel of real property. Both parties were ably represented by experienced trial counsel. They agreed in their stipulated property settlement that husband would receive the net proceeds from the sale of that property after the payment of various debts, and that wife would get an offsetting credit against husband's judgment for her 50 percent share of those proceeds.

Furthermore, in closing argument, wife's counsel recognized that an award of spousal support was problematic in view of the limited income available to husband. Counsel suggested, therefore, that instead of requiring husband to pay spousal support from his income, wife could be given a credit against husband's judgment for the educational expenses she actually incurred to improve her ability to earn an income. Wife's counsel proposed a second alternative that would delay execution of any award of spousal support until husband's income exceeded $25,000 per year, but that proposal also was coupled with a suggestion that any shortfall in payments be addressed through a credit against husband's judgment.

In short, notwithstanding her desire to receive spousal support to cover educational expenses, wife did not ask the court to interfere with the agreed payment to husband of the proceeds from the sale of the parcel of real property. She was willing to incur the projected educational expenses without receiving payments to cover them as long as she would receive a credit for those amounts against husband's judgment.

■■ On this record, we conclude that wife should not be given the option to receive $15,000 from the net proceeds from the sale of the land, instead of a credit in that amount against husband's judgment. We recognize that courts have the responsibility to distribute property between parties on dissolution in a manner that is just and equitable in the circumstances, which means that courts are not required to accept property settlement agreements submitted by the parties. *See, e.g., Norris and Norris*, 302 Or 123, 126, 727 P2d 115 (1986). Our cases suggest, however, that a considered agreement by parties on the division of property should be respected, absent a basis to conclude that the proposed division is unfair to a party. *See, e.g., McDonnal and McDonnal*, 293 Or 772, 777-79, 652 P2d 1247 (1982); *Mollier and Mollier*, 33 Or App 575, 577-78, 577 P2d 94 (1978).

We do not believe that the parties' property settlement agreement is unfair with respect to the disposition of the land-sale proceeds. We therefore modify the dissolution judgment to delete the provision that gives wife the option to receive her $15,000 award from these proceeds.

■ Husband also assigns error to the order that he pay $539 per month in child support. He argues that the evidence in the stipulated record shows that his income is $967 per month and wife's is $1,369. Based on that income, he calculates his presumed child support obligation under the child support guidelines to be $273.88, and contends that the court erred in setting his support obligation at a higher level.[1] We disagree.

We do not read the record below to have required the court to consider only the income listed in the parties' uniform support affidavits in calculating child support under the guidelines. The parties stipulated that the uniform support affidavits, the exhibits on the distribution and value of assets, and any testimony at trial would constitute the parties' direct testimony on the contested issues. The parties also agreed that the court could ask questions of them, and that counsel could "argue and make statements" to the court.

Based on the stipulation, wife's counsel proceeded, without objection, to discuss information about husband's income, education, and employment history that was outside the stated record, including information about husband's gross earnings in prior years from self-employment. In response, husband's counsel referred to a prior support hearing at which husband's net income from self-employment had been discussed. That information had led the court to impute an income of $22,000 to husband, which income was used to set husband's child support obligation at that time.

Rather than objecting to consideration of that information, husband's counsel used it in his argument against an award of spousal support. He argued:

"When we were in Court in September setting the support amount in the case, we had some discussion of incomes at that time and based upon the * * * true net from the previous year's income, the Court imputed a potential income to [husband] of $22,000.00 and then went on to compute a child support [amount]. His income actually, as it's turned out in

---

[1] Husband also suggests that it might be appropriate to calculate his child support obligation using the shared-custody rule in the guidelines, OAR 137-50-450. Under that rule, he calculates his presumed child support obligation to be $60.12 per month. Our review of the court's custody order indicates that the shared-custody rule is inapplicable to the support calculation in this case.

"* * * 1993, is less than that. But even on imputed income of * * * previous years, after you deduct reasonable child support amounts, there just simply is nothing left over for spousal [support]."

The court did, in fact, impute an income to husband of $22,000 in calculating husband's child support obligation, *see* OAR 137-50-360, and it is the use of that figure about which husband complains on appeal. On this record, we conclude that the trial court properly could consider information beyond that presented in the uniform support affidavits to calculate husband's support obligation.

Had husband objected at trial to consideration of information beyond that contained in the submitted documents, the court simply could have questioned the parties about the disputed information. The parties understood that, because the court did ask questions of the parties at trial. That presumably explains why husband did not object at trial to consideration of the information about which he now complains on appeal. In fact, we interpret husband's failure to object to wife's submission of information outside the stated record, and his own interjection of such information, to reflect an implicit agreement that this information *could* be considered by the trial court in calculating husband's support obligation.

Our conclusion on this point is bolstered by two further points in the record. At the close of trial, husband submitted

"two support computation documents based * * * not on the potential income that the Court talked about in September of '93, but based on [husband's] actual nets * * * as set out in the Uniform Support Affidavit."

Significantly, husband did not assert in submitting these documents that the court was *required* to base its support calculation on the income listed in the support affidavits, and not on the imputed income discussed at trial. That suggests, again, that the parties understood their agreement to be one that permitted the court to calculate child support using information beyond that contained in the uniform support affidavits.

Further, the court sent an opinion letter to the parties in which it explained its rulings on the issues that had been submitted to it for decision. In that letter, the court said that it would set husband's child support obligation at $499.68. In response, wife sent a letter to the court that provided information about custody of the parties' oldest son, and that proposed a different support calculation based on this information. The court then held a further hearing at which it recalculated husband's child support obligation, based on the information submitted by wife.

■ Husband complains on appeal that, in light of the stipulation about the record at trial, it was improper for the court to consider the information submitted in wife's letter. Here again, however, husband made no objection below to consideration of that information, which suggests that use of the information was consistent with the parties' understanding of their agreement.

In summary, the trial court calculated husband's child support obligation on the basis of information on which the parties had agreed the court could rely and, hence, it committed no error in doing so.[2] Furthermore, even if the court had considered information that was outside the agreed record, the objections raised by husband about the court's use of that information were not raised below, so we would not act on the objections in any event. *See, e.g., Travelers Indemn. v. American Ins.*, 278 Or 193, 199, 563 P2d 684 (1977); *Mackie and Mackie*, 113 Or App 273, 278 n 2, 832 P2d 1240 (1992). On *de novo* review, we agree with the trial court's decision on child support.

Remanded with instructions to modify judgment to delete wife's option to receive $15,000 from the proceeds of the sale of the partitioned acreage; otherwise affirmed. No costs to either party.

---

[2] Husband does not object to the court's child support calculation, other than to dispute the court's reliance on information that husband contends was outside the record.