Argued and submitted September 18, 1984, affirmed as modified March 6, 1985

In the Matter of the Compensation
of Robert E. Alvarez, Claimant.

ALVAREZ,
*Petitioner,*

*v.*

GAB BUSINESS SERVICES, INC.,
*Respondent.*

(82-09965; CA A30776)

696 P2d 1131

Robert L. Chapman, Medford, argued the cause and submitted the brief for petitioner.

H. Scott Plouse, Medford, argued the cause for respondent. With him on the brief was Cowling & Heysell, Medford.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant petitions for review of an order of the Workers' Compensation Board. He contends that the Board erred in reversing the referee's determination that his claim had been prematurely closed and in failing to remand the case to the referee for a decision on the alternative theory that claimant had established an "aggravation." ORS 656.273.

The Board set out the facts:

"Claimant compensably injured his right knee on July 22, 1980. He subsequently underwent two arthrotomies and a medial meniscectomy. Following claimant's second arthrotomy, Dr. Gilsdorf opined:

'[H]is current condition has plateaued and will not materially improve with further time and treatment—may require further corrective surgery at a later date for continuing instability related to the articular changes in his right knee.'

"On September 14, 1982 Southern Oregon Medical Consultants performed a closing examination and opined:

'The condition is considered stationary and claim closure at this time is recommended.'

"On October 1, 1982 Gilsdorf indicated that he agreed with the Consultant's findings.

"On October 27, 1982 a Determination Order issued, finding claimant medically stationary on September 14, 1982, the date of the Consultant's examination.

"On December 13, 1982 Dr. Gilsdorf indicated that, because claimant's symptoms had become more severe, he was contemplating doing a joint replacement on claimant's knee. He indicated that claimant was considering the possibility and wished to discuss it with his attorney before he decided to undergo the surgery.

"On January 24, 1983 Dr. Gilsdorf wrote:

" 'It has been my recommendation that Mr. Alvarez undergo knee replacement surgery. He has now informed me, through his attorney, that he wishes to proceed with the definitive knee surgery, that is knee replacement surgery * * *.

" 'In view of this man's symptomatic state, his condition cannot be and should not be considered stationary. Time loss should be reinstated and authorization to proceed, with this * * * knee replacement surgery, is requested.'

"The insurer authorized the surgery, but apparently time

loss was never paid. Surgery was scheduled for March 6, 1983 but was never performed because of elevated blood sugar.

"The Referee said that the opinions of Southern Oregon Medical Consultants and Dr. Gilsdorf that claimant was stationary in September 1982 were 'tentative or precatory.' The Referee concluded that in '20-20 hindsight' claimant was not medically stationary."

In reversing the referee's finding of a premature claim closure, the Board stated:

"[I]n September 1982 the unanimous medical opinion was that claimant's condition could not be expected to improve through treatment or the passage of time. It was only later when claimant's symptoms increased that his treating physician felt it advisable for the claimant to undergo the rather drastic measure of having the entire knee joint replaced."

The Board correctly refused to exercise hindsight in determining whether the claim was prematurely closed. To support a conclusion that a claimant is "medically stationary," ORS 656.005(17) requires only that "no further material improvement would reasonably be expected from medical treatment, or the passage of time." The reasonableness of medical expectations at the time of claim closure must be judged by the evidence available at the time, not by the subsequent development of the case. See *Maarefi v. SAIF*, 69 Or App 527, 531, 686 P2d 1055 (1984).

The Board agreed with the referee's conclusion that Dr. Gilsdorf's January 24, 1983, letter was a valid aggravation claim. ORS 656.273(3). It concluded that "the insurer was under an obligation to respond to the request for time loss by either accepting or denying the aggravation claim. Because it did neither, the referee was correct in assessing a penalty."

The remaining issue is whether the Board should have remanded to the referee for a decision on whether claimant had established an aggravation. It should not have. Both the referee and the Board correctly found that claimant had made a valid claim for aggravation. The referee's order that the aggravation "claim shall be processed in accordance with ORS 656.263" was affirmed by the Board.

Because it is apparent that the referee made a scrivener's error in referring to ORS 656.263, we modify the

order to provide that claimant's claim for aggravation shall be processed in accordance with ORS 656.262 and affirm it as modified. ORS 656.273(6).

Order modified to provide that the aggravation claim be processed in accordance with ORS 656.262; affirmed as modified.