Argued and submitted September 18, 1984, affirmed May 22, 1985

In the Matter of the Compensation of
Lawrence M. Sullivan, Claimant.

SULLIVAN,
*Petitioner,*

*v.*

ARGONAUT INSURANCE COMPANY,
*Respondent.*

(81-06349; CA A31255)

700 P2d 274

Kenneth D. Peterson, Jr., Hermiston, argued the cause and submitted the brief for petitioner.

LaVonne Reimer, Portland, argued the cause for respondent. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant petitions for review of an order of the Workers' Compensation Board reversing the referee and reinstating a determination order that he claims was issued prematurely. In the alternative, he claims that the Board erred in not reopening his claim for aggravation. We affirm.

Claimant sustained injuries when he fell at work in September, 1980. The primary injury was to his left knee, although he also sustained a cracked rib and claimed a back injury. Insurer accepted the claim, and Dr. Corbett performed knee surgery. On March 31, 1981, the doctor declared claimant medically stationary. On April 28, 1981, a determination order of the Workers' Compensation Department awarded claimant compensation for temporary total disability from September 9, 1980, to March 31, 1981, and scheduled permanent partial disability for a 15 percent loss of the left leg. He received no permanent partial disability award for any other injury. Claimant requested a hearing.

In July, 1981, claimant sought to reopen his claim because of problems with his back, which he maintained also resulted from his 1980 fall. Insurer responded with a letter which said, in part:

"This is to advise you that we are respectfully denying responsibility for your back problems and circulation loss under the Workers' Compensation Laws, as we do not feel that these problems resulted from your original injury and did not arise out of nor in the course and scope of your employment.

"This partial denial does not affect your original knee injury and cracked rib injury, which is still in an accepted state."

The referee set aside the 1981 determination order on the ground that

"the back condition was not stationary, at that point in time, as evidenced by the medical reports both before and after the publication of the Order. In addition, although Dr. Corbett had indicated that the left knee was medically stationary, prior to the Determination Order being published, his subsequent reports indicate a worsening of that condition * * *."

The referee also set aside the denial of claimant's back injury claim. The Board affirmed the referee's order setting aside the denial but reversed the order setting aside the determination order as premature and remanded the claim to the referee to consider the extent of disability from both the knee and the back injuries.

Claimant argues that the Board erred in reinstating the determination order. We agree with the Board that claimant failed to prove that his injury-related conditions were not stationary at the time of closure. At the hearing, claimant sought to have the claim reopened on the ground that his knee had *worsened* after the claim closure. The referee agreed, reasoning that worsening of the knee less than a year after the determination order justified reopening "without the necessity of a formal aggravation claim." The Board properly reversed that decision, citing *Roy McFerran, Jr.,* 34 Van Natta 621 (1982), *aff'd without opinion, McFerran v. SAIF,* 60 Or App 786, 655 P2d 230 (1982). Claimant does not defend the referee's reasoning.

■■ On review, claimant takes the position that his knee condition *improved* after claim closure and that his knee condition therefore could not have been "medically stationary" as defined by ORS 656.005(17):

 " 'Medically stationary' means that no further material improvement would reasonably be expected from medical treatment, or the passage of time."

A subsequent change in a claimant's condition may not be used to second-guess informed medical opinion relied on at the time a claim was closed. *See Alvarez v. GAB Business Services, Inc.,* 72 Or App 524, 696 P2d 1131 (1985); *Maarefi v. SAIF,* 69 Or App 527, 531, 686 P2d 1055 (1984). The Board properly reinstated the determination order as to both the back and the knee.

■ Claimant's second assignment is that the Board erred in not reopening his back claim on the basis of aggravation. Claimant's entire argument in support of the assignment is:

 "The Board affirmed the referee's reversal of the denial. Logically it follows that as an integral part of reversing the denial the claim must be reopened also. If claimant were stationary on April 28, 1981, then Dr. Smith's report provides justification, in conjunction with claimant's aggravation

claim for reopening, for opening the case after the April 1981 closure. Clearly claimant was suffering significant back difficulties when he saw Dr. Smith." (Citations omitted.)

Claimant, however, had not made a valid claim for aggravation. He relies on Dr. Smith's letter of June 5, 1981, as a claim. In that letter the doctor merely noted that claimant had said that he had experienced back trouble since the accident. He did not state that the original injury resulted in any worsening of the back condition after the claim was closed, nor did he indicate a need for further medical services or compensation because of the original injury. The doctor's letter is not a claim for aggravation under ORS 656.273(3).

Affirmed.