Argued and submitted February 22, affirmed July 17, reconsideration denied September 20, petition for review allowed October 29, 1985 (300 Or 180)

In the Matter of the Compensation of
Katherine E. Casteel, Claimant.

STATE ACCIDENT INSURANCE FUND
CORP.,
*Petitioner,*

*v.*

CASTEEL,
*Respondent.*

(82-03575 and 82-03576; CA A31893)

703 P2d 1039

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Donna Parton Garaventa, Assistant Attorney General, Salem.

Diana Craine, Portland, argued the cause for respondent.

Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

## YOUNG, J.

Claimant compensably injured her back and hip. A referee awarded permanent total disability. SAIF requested Board review, and the Board reduced the award to 10 percent unscheduled permanent partial disability. Claimant requested review by this court, and we modified the Board's order and granted claimant an award of 50 percent unscheduled permanent partial disability. *Casteel v. SAIF,* 55 Or App 474, 638 P2d 1165 (1982). The issue is whether SAIF is entitled to credit the amounts paid pursuant to the referee's award of permanent total disability against the final award of 50 percent unscheduled permanent partial disability. The Board held that ORS 656.313(2) prohibits recovery, by offset or other means, of amounts paid pending review.

ORS 656.313 provides:

"(1)  Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2)  If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to *repay* any such compensation which was paid pending the review or appeal." (Emphasis supplied.)

OAR 436-54-320 governed the recovery of overpayments of benefits:[1]

"Insurers and self insured employers may recover over payment of benefits paid to worker on an accepted claim from benefits which are or may become payable on that claim. *Payment of benefits paid during appeal pursuant to ORS 656.313 shall not be recoverable under this section."* (Emphasis supplied.)

In *Bekins Moving and Storage Co. v. Jordan,* 68 Or App 57, 680 P2d 392 (1984), we affirmed, *per curiam,* the Board's denial of the employer's request to offset permanent total disability benefits paid claimant pending Board review against the permanent partial disability benefits awarded.

---

[1] The administrative rule was in effect at the times relevant to this appeal. The current administrative rule is renumbered OAR 436-60-170 and the quoted language has been deleted.

The authority for our decision was *Hutchison v. Louisiana Pacific,* 67 Or App 577, 679 P2d 338 (1984), where we held that, under ORS 656.313, the claimant was entitled to payment of temporary partial disability from the time of the referee's order and that the insurer was not entitled to an offset even if the referee's order was later reversed. SAIF's argument relies entirely on a distinction between "repayment" under ORS 656.313 and an "offset" or "credit." In *Hutchison, supra,* and *Bekins, supra,* we refused to distinguish "offsets" from "repayment" under ORS 656.313(2). We agree with the Board that the legislature, in enacting ORS 656.313, has placed the burden of erroneously ordered compensation paid pending review or appeal on the employer and its insurer. SAIF is not entitled to an offset.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I would hold that SAIF is entitled to credit amounts paid, pending the appeal, on the permanent total disbility awarded by the referee against the final award of 50 percent permanent partial disability. Therefore, I respectfully dissent.

This case involves a single claim and a single final award of permanent disability. The referee awarded claimant permanent total disability. SAIF requested review. Pending review, SAIF paid benefits. ORS 656.313(1). By the time this court finally fixed the permanent disability award at 50 percent, SAIF had paid less than the 50 percent which we awarded. SAIF seeks *credit* for that amount.[1] SAIF argues that, because it has not paid an amount equal to the award of 50 percent permanent partial disability, claimant is entitled only to the balance of that award. That makes sense to me. To hold otherwise is to give claimant a windfall that, in my view, is not mandated by the authorities cited in the majority's opinion.

I see a clear distinction between requiring a claimant to *give back* benefits already received and allowing a carrier to have a *credit* for benefits paid. The former takes money out of a claimant's pocket—money that the claimant has probably

---

[1] SAIF concedes that, had it already paid more than the 50 percent finally awarded, it would not have been able to recoup the excess payments. ORS 656.313(2).

already spent and, therefore, does not have to give back. The latter merely recognizes that the claimant is entitled to an award and has already received partial payment of that award. Thus, the claimant gets everything to which she is entitled. That is fair and does no violence to the intent of ORS 656.313(2), which only addresses *repayment* of benefits paid pending appeal.