Argued and submitted December 3, 1985, vacated and remanded May 20, 1986

In the Matter of the Compensation of
Katherine E. Casteel, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner on Review,*
*v.*

CASTEEL,
*Respondent on Review.*
(WCB Nos. 82-3575 and 82-3576; CA A31893; SC S32080)
719 P2d 853

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Donna Parton Garaventa, Assistant Attorney General, Salem.

Diana Craine, Portland, argued the cause for respondent on review. With her on the brief were Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

PER CURIAM

## PER CURIAM

The Court of Appeals stated the issue in this case as follows:

"Claimant compensably injured her back and hip. A referee awarded permanent total disability. SAIF requested Board review, and the Board reduced the award to 10 percent unscheduled permanent partial disability. Claimant requested review by this court, and we modified the Board's order and granted claimant an award of 50 percent unscheduled permanent partial disability."

*SAIF v. Casteel,* 74 Or App 566, 568, 703 P2d 1039 (1985). The Court of Appeals held that SAIF's payments preceding the court's ultimate award of 50 percent permanent partial disability benefits did not count toward that award by virtue of ORS 656.313, which provides that when compensation is disallowed or reduced on review or appeal, "the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal."[1] We allowed SAIF's petition for review to examine whether payments made under an award of permanent disability benefits are credited toward the sum due under such an award even if the degrees of permanent disability, and therefore the total sum due, are reduced on appeal.[2]

The facts in this case, however, do not cleanly present that issue. Claimant had suffered a compensable back injury in October 1976 and in June 1978 had fractured a hip while working for the same employer, for which she filed a new claim

---

[1] ORS 656.313 provides:

"(1) Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.

"* * * * *

"(4) Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.210 and 656.214 and does not include the payment of medical services."

[2] Permanent partial disability is compensated on a statutory schedule of benefits, ORS 656.214(2), or by "degree" of "loss of earning capacity due to the compensable injury," ORS 656.214(5). For the different character of total and partial disability benefits, *see Cutright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985).

that was heard together with an aggravation claim for the previous back injury. The referee awarded claimant permanent total disability benefits for the hip claim, and SAIF made payments under that award while pursuing *de novo* review by the Workers' Compensation Board. The Board reversed the award and affirmed the determination order closing the hip claim. Instead, the Board awarded claimant "10% unscheduled partial disability for her worsened back condition." At this point, it appears that ORS 656.313(1) no longer obligated SAIF to pay permanent total disability benefits for the hip injury but only 10 percent disability benefits under the Board's award for the back injury. The Court of Appeals agreed with the Board that "there was an aggravation of the back condition" but modified the award to 50 percent disability. *Casteel v. SAIF,* 55 Or App 474, 477, 638 P2d 1165 (1982).

■ SAIF points out that the referee, the Board, and the Court of Appeals decided this case on a stipulation that SAIF's payments had been made on a single claim, and it asks us to pronounce an interpretation of ORS 656.313 as if that were the fact. Referees, agencies, and other tribunals often must judge between specific parties on facts to which they stipulate, but an appellate court should not pronounce a rule that has importance beyond the particular litigants when the record shows the undisputed facts to be contrary to the stipulation.

■ We considered dismissing the petition for review as having been improvidently allowed, but that would let the decision of the Court of Appeals stand as a precedent though it may be incorrect. We therefore conclude that the better course is to vacate the decision of the Court of Appeals and remand the case to the Board for reconsideration of the actual character of the claims and the payments at issue.