In the Matter of the Compensation of
A. G. McCullough, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

McCULLOUGH,
*Respondent.*

(WCB No. 83-04115; CA A36287)

720 P2d 769

Paul L. Roess, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Michael R. Stebbins, North Bend, argued the cause for respondent. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Before Richardson, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Employer seeks review of a Worker's Compensation Board order which affirmed the referee's determination that claimant's myocardial infarction was compensable.

Claimant suffered a heart attack shortly after climbing stairs in the course of his employment duties as a maintenance millwright. He indicated that he climbs stairs regularly on his job but that he had climbed them somewhat faster on this particular occasion. Claimant is a smoker and suffers from diffuse coronary disease and high cholesterol. Four medical opinions were provided concerning whether the physical stress of climbing the stairs materially contributed to the onset of the heart attack, which reflects a continuing medical debate that frequently appears in Worker's Compensation cases. *See Bales v. SAIF,* 294 Or 224, 656 P2d 300 (1982); *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969).

There are several theoretical explanations for the onset of heart attacks, but no doctor was prepared to say unequivocally what the actual cause of the attack was in this case. The doctors' opinions were stated in terms of medical probability. Doctors Keene and Kloster believe that physical exertion rarely, if ever, leads to a heart attack and then only in the case of severe exertion for an extended period of time. In their view, neither the nature nor the duration of the exertion claimant experienced on the job was sufficient to bring on an attack. Doctors Henke and Griswold believe that the exertion could have and probably did bring on the attack. They rely heavily on the temporal relationship between the attack and the exertion. The Board's ruling concluding that the attack was compensable is based on the same reasoning, in spite of the fact that the Board expressly concluded that the medical opinions were in equipoise.

Given the *de novo* choice between the conflicting medical evidence, we are more persuaded by Kloster's opinion that the extent of the exertion and the other circumstances do not indicate a relationship between claimant's employment and his myocardial infarction.

Reversed.