On petitioners' reconsideration filed June 13, reconsideration allowed, former opinion
(78 Or App 671, 717 P2d 251) affirmed September 10, 1986

In the Matter of the Compensation of
Pauline V. Bohnke, Claimant.

UNITED MEDICAL LABORATORIES et al,
*Petitioners,*

*v.*

BOHNKE,
*Respondent.*

(WCB 82-06426; CA A35141)

724 P2d 884

Jerald P. Keene and Roberts, Reinisch & Klor, P.C.,
Portland, for petition.

Before Richardson, Presiding Judge, and Warden and
Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

United Medical Laboratories and its insurance carrier, Employee Benefits Insurance Company, filed a petition for review of our decision, 78 Or App 671, 717 P2d 251 (1986). We treat it as a petition for reconsideration, ORAP 10.10, allow the petition, modify our opinion and affirm the decision of the Workers' Compensation Board.

In our original decision, we affirmed the Board's order *per curiam,* citing *SAIF v. Casteel,* 74 Or App 566, 703 P2d 1039 (1985). After our decision in this case, the Supreme Court vacated our decision in *Casteel* and remanded that case to the Board for reconsideration. *SAIF v. Casteel,* 301 Or 151, 719 P2d 853 (1986).

In *Casteel,*

"[c]laimant compensably injured her back and hip. A referee awarded permanent total disability. SAIF requested Board review, and the Board reduced the award to 10 percent unscheduled permanent partial disability. Claimant requested review by this court, and we modified the Board's order and granted claimant an award of 50 percent unscheduled permanent partial disability. * * *" 74 Or App at 568.

We held that by virtue of ORS 656.313, SAIF's payments preceding the ultimate award of 50 percent permanent partial disability benefits did not count toward that award. The Supreme Court concluded that we had misperceived the facts of the case and that therefore, the issue we posed and decided was not "cleanly" presented by the facts. The court concluded that our decision should be vacated because it was arguably an incorrect precedent.

We adhere to our reasoning in *Casteel,* which was based on our perception of the facts, however incorrect that perception may have been, and we use that reasoning to decide the identical issue in this case.

Petition for reconsideration allowed; affirmed.