Argued and submitted June 3, affirmed in part, reversed in part and remanded
October 21, 1986

## In the Matter of the Marriage of

### NORRIS,
*Respondent on review,*
*and*
### NORRIS,
*Petitioner on review.*

(TC 84-2618-NJ-2; CA A35558; SC S32676)

727 P2d 115

Douglas J. Richmond, Medford, argued the cause for petitioner on review. With him on the petition was Harbison, Kellington, Krack & Richmond, Medford.

Patricia Crain, Medford, argued the cause for respondent on review. With her on the brief was Black, Hanson, Crain, Austin & Webber, Medford.

GILLETTE, J.

## GILLETTE, J.

This is a dissolution of marriage case. At issue is the valuation of the family residence and surrounding 147 acres of real property. At trial, the parties stipulated that the real property had an appraised value of $101,600. The trial court found that the stipulated value was "so contrary to the Court's experience in hearing testimony by appraisers about land values in Southern Oregon as to be too suspect for the Court to accept." The court ordered a new appraisal with the cost to be borne by the parties equally. The second appraiser valued the property at $150,000, and the court accepted that figure as the value of the real property. Husband appealed, assigning as error the trial court's failure to accept the stipulation, the court's order requiring the parties to pay for a second appraisal and the court's failure to include in the division of assets certain trust income received by wife. The Court of Appeals affirmed without opinion. We allowed review to determine whether stipulations of fact of the kind involved here are binding on the trial court in dissolution cases and whether the court properly ordered the parties to produce evidence contradicting their stipulation. We reverse and remand.

■    Generally, stipulations of fact are binding on the parties, absent fraud, duress or other circumstances justifying relieving a party of their burden. *See Morey v. Redifer,* 204 Or 194, 214, 264 P2d 418, 282 P2d 1062 (1955).[1] More importantly for this case, it has long been the rule in Oregon that "when the facts are stipulated *the court is bound by them,* and the case must be decided upon said facts and such other evidence as may be adduced." *Crouch v. Central Labor Council,* 134 Or 612, 616, 293 P 729 (1930) (emphasis added).

The *Crouch* case is old, but its rule is a sound one. The function of the trial court is to try so much of the parties' action as the parties cannot themselves resolve. It is not the court's function to require the parties to contend over facts about which they are agreed. Factual stipulations also represent resolution by the parties, *inter se,* of matters that would

---

[1] Under some circumstances, a party may be relieved of a stipulation upon timely motion and a showing of good cause. *Robinson v. Oregon City S. & G. Co.,* 143 Or 177, 189, 20 P2d 1073 (1933). No such motion was made in this case.

otherwise consume judicial time — time that the stipulation frees the court to serve other litigants.

■ ■ Wife notes that, in a dissolution action, the court is not bound by property settlement agreements between the parties. *McDonnal and McDonnal,* 293 Or 772, 778, 652 P2d 1247 (1982). She argues that, by analogy, the court should not be bound by stipulations as to the value of the property involved. The analogy is not apt. A property settlement agreement is offered by the parties as a suggested shorthand for the trial court's obligation to achieve a distribution of property between the parties that is just and equitable in the circumstances. ORS 107.105(1)(f); *McDonnal and McDonnal, supra.* Application of that standard is ultimately the duty of the court, not of the parties. Stipulations as to particular facts are a different matter. The parties control the evidence the court will hear on such questions. If they are satisfied to shortcut the process, the court is still able to perform its functions. We are not persuaded that stipulations of fact concerning the value of particular marital assets should be treated differently in dissolution cases than in other cases. The trial court erred in refusing to accept the parties' stipulation.[2]

■ Our view as to the second issue reinforces this conclusion. The parties in this case voluntarily entered into a valid stipulation. Even if we were to hold that the court could ignore that stipulation, we could not condone the trial court's order requiring the parties to pay for a second appraisal in order to contradict the stipulated fact. To do so would be unfair to the parties — one of whose purposes in stipulating is usually to avoid just such an expense — and would discourage stipulations in future cases. Because we would hold that the trial court may not fill the evidentiary hole that it created by rejecting the stipulation, we see no reason to allow the court to create the hole in the first place. The trial court is bound by the parties' stipulations of fact and may not require the parties to produce evidence contradicting those stipulations.[3]

---

[2] We are here dealing only with property distribution. Questions such as custody and child support, which involve the interests of (usually unrepresented) third parties may justify a greater degree of scrutiny and activism on the part of the trial judge.

[3] Our holding today does not mean that a court is bound by a stipulation when other facts *in the record* contradict it. Under those circumstances, the court may reject the stipulation and make findings contrary to it. *SAIF v. Casteel,* 301 Or 151, 154, 719 P2d 853 (1986).

Finally, we reach husband's contention that the trial court erred in failing to include in the division of assets the trust income received by wife. The trial court appears to have concluded that the wife's right to receive certain income from a trust was a "marital asset," which is defined as property received by either party during the marriage. *Pierson and Pierson,* 294 Or 117, 121-22, 653 P2d 1258 (1982). Whether it was or not, however, the trial court had the authority to consider it in the division of assets. ORS 107.105(1)(f); *Pierson and Pierson, supra,* 294 Or at 122. Pursuant to this authority, the trial court did consider wife's right to receive the income but concluded that, considering its nature and origins, it would be inequitable to divide it. That factual conclusion is not of sufficient moment to justify further review by this court after consideration by the trial court and the Court of Appeals.

The decision of the Court of Appeals and the trial court is reversed in part and the case is remanded to the trial court.