Argued and submitted February 1, reversed in part, otherwise affirmed on petitions and remanded; reversed on cross-petition June 15, 1988

In the Matter of the Compensation of
Lawrence N. Sullivan, Claimant.

SULLIVAN,
*Petitioner - Cross-Respondent,*

*v.*

BANISTER PIPELINE AMERICAN et al,
*Respondents - Cross-Petitioners.*

(84-09511; CA A43658 (Control))

In the Matter of the Compensation of
Lawrence N. Sullivan, Claimant.

SULLIVAN,
*Petitioner,*

*v.*

BANISTER PIPELINE et al,
*Respondents.*

(85-14645; A43949)

756 P2d 54

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Karen M. Werner and Malagon & Moore, Eugene.

Richard Wm. Davis, Portland, argued the cause for respondents - cross-petitioners. With him on the brief were Davis, Bostwick, Scheminske & Lyons, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is the third in a series of worker's compensation cases involving the same claimant. In our first decision, we held that claimant's left knee injury claim had not been prematurely closed on April 28, 1981, and that he had not experienced an aggravation of that claim. *Sullivan v. Argonaut Ins. Co.,* 73 Or App 694, 700 P2d 274 (1985). In our second decision, we held that claimant's depression and attempted suicide were an aggravation of his compensable injury and, therefore, that hospitalization and treatment resulting from his attempted suicide were compensable. *Sullivan v. Banister Pipeline AM,* 86 Or App 334, 739 P2d 597 (1987).

Claimant now seeks review of Board determination that his depression and alcohol abuse treatment are not compensable. He also seeks a determination that the claim was prematurely closed in March, 1985, and in February, 1986. Additionally, he seeks penalties and attorney fees for employer's alleged unreasonable denial of vocational rehabilitation. Employer cross-petitions, asserting that it is entitled to offset an award of permanent partial disability made for a shoulder condition in a March, 1985, determination order against an overpayment of temporary total disability made after claimant became medically stationary on the left knee claim.

It would serve no purpose for us to recite all the details of this proceeding. We will detail them only as necessary to discussion of the various issues on review. Claimant asserts that his psychological condition is compensable. Initially, the referee decided that the expenses for hospitalization and treatment resulting from a suicide attempt were not compensable. We reserved the question of the compensability of claimant's general psychological condition. In *Sullivan v. Banister Pipeline AM, supra,* we found, on *de novo* review, that claimant's industrial injury was a material cause of his depression and that the depression and suicide attempt were an aggravation of the compensable injury. We necessarily decided that the psychological condition is compensable. The Board erred in holding that the psychological condition is not compensable.

Claimant seeks a determination that his alcohol-related problems are compensably related to the compensable

injury and psychological problem. Employer contends that claimant waived a claim for the alcohol condition when he failed to raise it when the suicide attempt claim was litigated. Even assuming that the question was not waived, we find, on *de novo* review, that the evidence does not establish a relationship between claimant's alcohol-related problems and his compensable conditions. We therefore affirm the Board's determination that the alcohol treatment is not compensable.

■ In March, 1985, after the claim for the psychological condition had been filed, but before it had been determined to be compensable, the Evaluation Division issued a determination order which awarded benefits for a compensable right shoulder condition but did not consider claimant's psychological condition. The evidence shows that claimant's psychological condition was not medically stationary at that time. In view of our holding that the psychological condition is compensable, we conclude that the determination order was premature.

After a referee determined that the psychological condition was compensable, the Evaluation Division issued a second determination order in February, 1986, awarding claimant 25 percent permanent partial disability for the psychological condition. Because the Board reversed the referee's determination as to the compensability of the psychological condition, it treated the March, 1985, determination order as dispositive and did not consider the question whether the 1986 order was premature. We remand the case to the Board for consideration of that issue.

■ The record shows that, after 12 months of unsuccessful services, employer suspended vocational assistance until claimant had received professional treatment for his alcohol problem. The evidence is that he has refused to participate in alcohol rehabilitation and that alcohol abuse is a major obstacle to vocational rehabilitation. We conclude that employer acted reasonably in suspending vocational assistance. We therefore affirm the Board on that issue.

Employer cross-petitions, seeking an offset for an overpayment of temporary total disability on the left knee claim. That claim was originally closed by a determination order on April 28, 1981, with an award of temporary total disability from September 19, 1980, through March 31, 1981.

On April 26, 1982, a referee determined that the claim had been prematurely closed. On August 26, 1983, the Evaluation Division issued an order that claimant was stationary as of August 5, 1983, and that he was entitled to temporary total disability benefits from September 19, 1980, through August 5, 1983. The Board reversed the referee and held that claimant had become medically stationary on March 31, 1981. We affirmed that determination. *Sullivan v. Argonaut Ins. Co., supra.*

Employer paid temporary total disability from September 19, 1980, through September 28, 1983, resulting in the overpayment at issue. In March, 1985, the Evaluation Division issued an order awarding permanent partial disability for the right shoulder and authorizing an offset of the overpayment. Employer offset the full amount of the award. We have now held that the March, 1985, determination order was premature. The question of whether employer is entitled to offset the award made in that determination order is also premature.

■ We are left with only the general question whether employer should be allowed to offset the overpayment against future awards. The Board held that, by virtue of ORS 656.313(2), employer was not entitled to offset most of the overpayment. ORS 656.313(2) provides, in part:

"(1) Filing by an employer or the insurer of a request for reversal or court appeal shall not stay payment of compensation to a claimant.

"(2) If the Board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal."

We have interpreted that statute to prohibit an employer from recovering, by offset against a later award, benefits that are or should have been paid pending the employer's appeal of and pursuant to an award that is later determined to be excessive. *See SAIF v. Casteel,* 74 Or App 566, 703 P2d 1039 (1985), *remanded on other grounds,* 301 Or 151, 719 P2d 853 (1986); *Hutchinson v. Louisiana Pacific Corp.,* 67 Or App 577, 581, 679 P2d 338, *rev den* 297 Or 340 (1984). Here, however, not all of the overpayment was made pending appeal of and pursuant to an award. Employer paid

benefits from September 19, 1980, through September 28, 1983. The Evaluation Division determined on August 26, 1983, that claimant was medically stationary on August 5, 1983. The Board properly authorized an offset for any portion of the overpayment after the medically stationary date. Additionally, employer made payments after the April 28, 1981, determination order holding that claimant had become medically stationary on March 31, 1981, and before the referee's order of April 26, 1982, holding that the April 28, 1981, determination order was premature. The payments made between those dates were not made pursuant to and pending review of an award of compensation. Employer is entitled to an additional offset of the overpayment made from March 31, 1981, through April 26, 1982.

On the petitions, reversed as to the determination that claimant's psychological condition is not compensable; otherwise affirmed on the petitions and remanded for a determination of whether claimant was medically stationary at the time of the February, 1986, determination order; reversed on cross-petition.