Argued and submitted December 7, 1987, affirmed July 20, 1988

In the Matter of the Compensation of
A. G. McCullough, Claimant.
# WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

# McCULLOUGH,
*Respondent.*

(WCB No. 85-02415; CA A43561)

757 P2d 871

Daniel M. Spencer, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Mike Stebbins, North Bend, argued the cause for

respondent. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Employer petitions for review of an order and supplemental order of the Workers' Compensation Board that awarded temporary total disability through May 1, 1985, and denied employer's request for authorization to offset overpaid temporary total disability payments against permanent partial disability payments that employer had already paid. We affirm.

Claimant, a millwright, suffered a heart attack at work in November, 1982. He filed a claim, which employer denied. On December 7, 1984, the first referee found that the claim was compensable. Employer requested Board review. On January 24, 1985, while review was pending, employer told Dr. Henke, claimant's treating physician, that it had been "told [by your office] that [claimant] was considered medically stationary six months from the date of his heart attack." Employer asked the Evaluation Division to close the claim. It paid temporary total disability benefits from the date of the heart attack through May 12, 1983, only, although, after his heart attack, claimant had not returned to work nor had his attending physician authorized him to return to work.

On February 20, 1985, claimant requested a hearing, asserting that employer had unilaterally and prematurely terminated temporary total disability payments. On April 25, 1985, the second referee found that claimant was medically stationary on November 9, 1983, and awarded him temporary total disability through that date, which employer paid. The referee noted that there had as yet been no determination order. Claimant requested Board review.

After the second referee's order, and before the Board considered claimant's appeal from that order, the Board affirmed the first referee's order and awarded claimant permanent partial disability, which employer paid. On June 18, 1986, we reversed the Board, *Weyerhaeuser Co. v. McCullough,* 80 Or App 98, 720 P2d 769, *rev den* 302 Or 158 (1986), and held that the claim was not compensable.

Employer then moved that the Board dismiss claimant's petition for review of the second referee's order, because we had held that the claim was not compensable. The Board denied the motion, modified the second referee's order to

award claimant temporary total disability from November 10, 1983, through May 1, 1985, the date of the determination order, and denied employer's request for authority to offset "overpaid" temporary total disability payments against the permanent partial disability awarded that employer had paid.[1] Employer assigns those actions as errors.

■ *Former* ORS 656.268(2)[2] provided that, if the attending physician had not approved the worker's return to regular employment, the self-insured employer must continue to make temporary total disability payments until the Evaluation Division authorized termination of the payments. If the worker had not actually returned to work, nor been authorized by his attending physician to return to regular employment, the employer must pay temporary total disability until there is a determination order. ORS 656.268; OAR 436-30-030(7);[3] *Fazzolari v. United Beer Distributors,* 91 Or App 592, 757 P2d 857 (1988). Here, employer had not paid temporary total disability for the period after November 9, 1983, even though claimant had not returned to work, his attending physician

---

[1] The Board referred to the determination order of May 1, 1985, and ruled that claimant was entitled to temporary disability benefits from November 10, 1983, "through May 1, 1985, the date of the first determination order." The determination order of May 1, 1985, had also provided that "deduction of overpaid temporary disability, if any, from unpaid permanent disability is approved." The Board also stated:

"Anticipating today's decision, the employer has requested permission to offset the 'overpayment' created by this order against claimant's permanent disability award as granted by a post-hearing Determination Order. The request is rejected because the court's ultimate finding of noncompensability has rendered the request meaningless. The court's decision ensures that there will be no future permanent disability payments concerning this claim. Thus, even if we granted the request, there is no longer a permanent disability award against which to offset this so-called 'overpayment.' "

On reconsideration, the Board again refused to authorize an "offset."

[2] *Former* ORS 656.268(2) provided:

"If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section."

[3] *Former* OAR 436-30-030(7) provides:

"A worker who has not been authorized by the worker's attending physician to return to regular employment shall be paid compensation until the determination order has been issued pursuant to ORS 656.268, unless the worker actually returned to work."

had not authorized him to return to his regular employment and the Evaluation Division had not authorized employer to discontinue temporary total disability payments. Accordingly, the Board correctly modified the second referee's order.[4]

■     The Board also correctly denied employer's motion to dismiss. As the Board stated, this court's subsequent determination that the claim was not compensable "did not extinguish the question of whether the employer properly exercised its processing obligations during the period the claim was considered compensable." *See* ORS 656.313.

■     The Board also correctly refused to allow an offset of temporary total disability benefits against the award of permanent partial disability which had been paid under the determination order. Although, because the underlying claim was noncompensable, the award and payment of permanent partial disability resulted in an overpayment, employer had properly paid the award pending review of compensability. It may not recover it by either repayment or offset. ORS 656.313;[5] *United Medical Lab v. Bohnke,* 81 Or App 144, 724 P2d 884 (1986); *Hutchinson v. Louisiana-Pacific,* 67 Or App 577, 581, 679 P2d 338, *rev den* 297 Or 1370 (1984).

Affirmed.

---

[4] Employer's second assignment of error is without merit.

[5] ORS 656.313 provides, in part:

"(1) Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation due a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending review or appeal."