Argued and submitted March 17, affirmed November 19, 1997

In the Matter of the Compensation of
Joe D. Leonard, Claimant.

HEWLETT-PACKARD CO.,
*Petitioner,*

*v.*

Joe D. LEONARD,
*Respondent.*

(94-10749; CA A93140)

948 P2d 1256

Janet M. Schroer argued the cause for petitioner. With her on the brief were Marjorie A. Speirs and Hoffman, Hart & Wagner.

Stanley Fields argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of an order of the Workers' Compensation Board (Board) setting aside a denial of claimant's current low back condition. Employer contends that principles of claim preclusion bar claimant's claim, because he failed to assert the compensability of his current condition in an earlier hearing on the question whether employer prematurely closed his original claim. The Board held that the earlier hearing provided no opportunity to establish the compensability of the current condition, because the sole issue at that point was whether employer prematurely closed the original claim. We agree with the Board and affirm.

On September 18, 1992, claimant injured his low back while working for employer. He was treated by an orthopedic surgeon, Dr. Lewis, who diagnosed a back strain superimposed upon a preexisting congenital stenosis, a narrowing of the channel in the vertebrae through which the spinal nerve passes. Employer accepted the claim for disabling lumbar strain. Beginning in February 1993, other physicians who examined claimant suggested that psychological considerations might be contributing to claimant's back pain. On May 21, 1993, Lewis recommended that claimant undergo a psychological evaluation and stated that surgery was not recommended at that time.

On June 4, 1993, employer issued a notice of closure awarding claimant no permanent compensation and determining claimant to be medically stationary as of May 6, 1993. Claimant requested reconsideration. On August 30, 1993, Lewis wrote a letter stating that claimant was not medically stationary, because he needed a psychological evaluation. The Appellate Review Unit of the Workers' Compensation Division issued an order rescinding the June 4 notice of closure as premature. Employer requested a hearing.

Claimant also saw a neurosurgeon, Dr. Lax, who suspected disc herniation and suggested a myelogram. On May 2, 1994, administrative law judge (ALJ) Nichols held a hearing on the June 4 notice of closure. There was some mention at the hearing of Lax's opinion regarding the need for a myelogram. On May 19, 1994, Nichols issued an opinion and

order affirming the rescission of the June 4 notice of closure, based on the need for psychological evaluation. Neither party appealed that order.

On May 20, 1994, claimant underwent a myelogram, which revealed disc herniation, and Lax recommended surgery. On January 31, 1995, employer issued a denial of claimant's current condition, stating that claimant's need for surgery was unrelated to the September 1992 job-related injury and that the surgery was not reasonable and necessary. ALJ Johnson conducted a hearing on the denial. At the hearing, employer argued that claimant could have raised the compensability of the disc herniation at the hearing before Nichols on the June 4 notice of closure. According to employer, claimant was aware of at least the possibility of a disc herniation at the hearing before Nichols and could have requested a determination of compensability of that herniation at that time. Because claimant did not, and because Nichols held the claim open for a psychological evaluation only, employer argued claimant could not raise the issue of the compensability of the disc herniation.

■ Johnson held that claimant was not precluded from asserting the compensability of the disc herniation and ordered employer to accept and process the claim. The Board affirmed. On review, employer reiterates its argument that claimant is precluded from asserting the compensability of the disc herniation. Claimant responds that the sole issue before Nichols was whether employer prematurely closed the original claim and that, accordingly, he had no opportunity to establish the compensability of the disc herniation, which, in any event, was not even diagnosed until after Nichols issued her order.

■■ The Supreme Court has explained the branch of preclusion by former adjudication known as "claim preclusion" in the following terms:

> " '[A] plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [*i.e.,* precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was

at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.'" (Brackets in original.)

*Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)). Claim preclusion does not require actual litigation of an issue of fact or law, nor that the determination of the issue be essential to the final result. *Id.* Claim preclusion does require that the opportunity to litigate the issue be present, and claim preclusion requires finality in the former adjudication. *Id.* Thus, the determinative question in this case is whether claimant had an opportunity to litigate the issue of the compensability of his herniated disc condition during a hearing on whether employer prematurely had closed the original claim.

■    At issue in the hearing that resulted in Nichols's order—the order that employer contends has preclusive effect—was whether employer had closed the claim prematurely. Whether an employer has prematurely closed a claim depends on whether the claimant was medically stationary *on the date of closure*, without consideration of subsequent changes in his condition. *See Scheuning v. J. R. Simplot & Company*, 84 Or App 622, 625, 735 P2d 1, *rev den* 303 Or 590 (1987) (to determine whether claim has been closed prematurely "we determine whether the claimant's condition was medically stationary on the date of closure, without consideration of subsequent changes in his condition"); *Alvarez v. GAB Business Services*, 72 Or App 524, 527, 696 P2d 1131 (1985) (whether a claim has been closed prematurely depends on reasonableness of medical expectations at time of closure, "not by subsequent development of the case").

The issue before Nichols, therefore, was limited to whether, at the time of the June 4, 1993, notice of closure, claimant was medically stationary. That claimant may have seen Lax several months after the notice of closure, and, as employer suggests, may have developed a suspicion regarding the possibility of disc herniation after that consultation, was irrelevant to the issue before Nichols. Claimant thus had

no opportunity to establish the compensability of the herniated disc condition. Accordingly, we conclude that the Board did not err in rejecting employer's argument that claimant was precluded from later asserting the compensability of his herniated disc condition.

Affirmed.