Argued and submitted December 20, 1999, affirmed May 24, 2000

In the Matter of the Compensation of
Jon E. Ball, Claimant.

Jon E. BALL,
*Petitioner,*

*v.*

THE HALTON COMPANY,
*Respondent.*

(99-00312; CA A107202)

6 P3d 1106

Dean Heiling argued the cause for petitioner. With him on the brief was Dean Heiling & Associates.

Brad G. Garber argued the cause for respondent. With him on the brief was Myers, Radler, Replogle, Roberts & Miller.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Claimant seeks review of an order on reconsideration of the Workers' Compensation Board (Board) affirming the administrative law judge's (ALJ's) order that set aside an order of the Department of Consumer and Business Services (Department) on reconsideration rescinding employer's notice of closure as premature pursuant to OAR 436-030-0015(2)(c). He seeks reversal of the Board's order and remand to the Appellate Review Unit of the Department for a medical arbiter's examination and a reevaluation of his permanent disability.

We summarize the undisputed facts. On April 9, 1998, claimant injured his back while working for employer as a warehouse worker. Claimant's attending physician, Dr. Jura, diagnosed lumbar, thoracic, and cervical strains. On June 2, employer's consulting physician, Dr. Farris, diagnosed a thoracic strain caused by work. In his view, claimant was medically stationary without a need for additional treatment. On July 7, employer's consulting physician, Dr. Fuller, examined claimant and reported that claimant's thoracic strain was medically stationary with no evidence of permanent impairment. On July 17, employer simultaneously accepted cervical and lumbosacral strains and closed the claim by a notice of closure, pursuant to ORS 656.268(4)(a), with a medically stationary date of July 17. Employer made no award of permanent partial disability.

On August 13, claimant filed a request for reconsideration of the notice of closure, raising only the issue of entitlement to permanent partial disability. The form for requesting reconsideration provides "CLAIMANT REQUESTS THREE MEDICAL ARBITER PANEL." In the order on reconsideration, issued September 18, the Department noted that

> "other than the record developed at the time of claim closure and submitted by the insurer on August 19, 1998, no new, additional or clarifying information has been received for reconsideration. We therefore rely upon the record developed at the time of claim closure in issuing this Order on reconsideration."

The Department referred to the medical opinions of Farris and Fuller, but said that

> "there is no evidence that attending physician [Jura] concurred, as required in OAR 436-030-0015; OAR 436-010-0280; and OAR 436-035-0007(13). Neither is there any evidence that the insurer sought Dr. Jura's opinion with respect to claimant's status."

In fact, simultaneous with the reconsideration process, the Department's Medical Review Unit was considering a medical service review request submitted by employer. In connection with that matter, claimant's attending physician, Jura, had sent a report to the Department's Medical Review Unit on September 3, 1998, indicating that claimant was medically stationary, had returned to work, and had no permanent impairment. The report apparently had not been noticed by the Department's Appellate Review Unit, but it is agreed that the document is a part of the record on reconsideration. The Department's September 18 order on reconsideration rescinded the notice of closure on the ground that there was insufficient medical evidence to permit an insurer's closure of the claim. Employer requested a hearing, challenging the Department's rescission of the notice of closure.

In the reconsideration process, the Department is to consider all of the medical evidence presented on reconsideration for the purpose of determining the extent of the claimant's disability. *See* ORS 656.268(4)-(7) (1997). In determining that the notice of closure had been issued prematurely, the Department relied on OAR 436-030-0020(4)(a), which provides that when an insurer closes a claim, it shall issue a notice of closure to the worker within 14 days after evidence is received from the attending physician that shows the worker's condition is medically stationary, "and information is sufficient to determine the extent of any disability." Under OAR 436-030-0020(6), medical information is "sufficient" if it includes the information required in OAR 436-030-0015(2) and (3), among other rules, which describe the information that an insurer must provide when it seeks claim determination by the Department.[1] OAR 436-030-0015(2)(c) requires

---

[1] In its order in *Estella M. Rogan*, 50 Van Natta 205 (1995), the Board noted that OAR 436-030-0020(6) sets forth the medical information required to be

the insurer to provide to the Department a closing medical examination report that describes in detail all permanent residuals attributable to the accepted claim. The Department reasoned that, because there had been no closing examination, the medical evidence was insufficient to determine the extent of any disability.

ORS 656.268(4)(a) and (b) (1997) described two facets of an insurer's obligation with respect to closure of a claim. Subsection (4)(a) describes the prerequisites for an insurer's closure of a claim: (1) the worker's condition resulting from the compensable injury has become medically stationary, *and* (2) the worker's attending physician has released the worker to return to regular or modified work; *or* the worker's accepted injury is no longer the major contributing cause of the worker's combined or consequential condition. When a claim is closed before those events have occurred, the closure is regarded as premature. *See Hewlett Packard Co. v. Leonard,* 151 Or App 307, 948 P2d 1256 (1997); *Schuening v. J. R. Simplot & Company,* 84 Or App 622, 625, 735 P2d 1, *rev den* 303 Or 590 (1987). Subsection (4)(b) of the statute describes the requirements for the contents of the notice of closure.

At the hearing, the only question before the ALJ was whether the claim had been closed prematurely and whether the notice of closure could be rescinded by the Department on that ground. The ALJ considered employer's challenge to the Department's rescission of the July 17, 1998, notice of closure. Claimant contended that the Department had acted properly, pursuant to OAR 436-030-0015(2)(c), because employer had no authority to close the claim before receiving a closing medical examination report, describing in detail all permanent residuals attributable to the accepted conditions. Claimant made no alternative contention at hearing about entitlement to permanent partial disability in the event that

---

sufficient "[f]or the purposes of section (3) of this rule." The Board noted that the reference to "section (3)" appears to be error, because OAR 436-030-0020(3) does not include any requirement for sufficient medical information. Rather, the requirement for sufficient medical information is found in section (4). The Board interpreted OAR 436-030-0020(6) as setting forth the information deemed sufficient for purposes of section (4) of the rules. The parties here appear to accept the Board's explanation of the cross-reference in *Rogan* and assume that OAR 436-030-0020(6) is applicable here.

the ALJ reversed the department. The ALJ reversed the Department and reinstated the notice of closure. Relying on the Board's order in *Estella M. Rogan*, 50 Van Natta 205 (1998), the ALJ reasoned that, although there had been no closing examination, the Department had no authority to set aside the notice of closure.

In *Rogan*, the insurer closed the claim by notice of closure based on the attending physician's determination that the claimant's condition was medically stationary without permanent disability. On reconsideration, the Department rescinded the closure notice on the ground that, because no closing examination had been performed pursuant to OAR 436-030-0015(2)(c), the insurer lacked adequate closing information. The Board noted that, under the then-existing version of ORS 656.268(4)(a),[2] no closing examination is required as a prerequisite to an insurer's closure of a claim. As the statute then read, an insurer may close a claim by notice of closure when

> "the worker's condition resulting from an accepted disabling injury has become medically stationary, and the worker has returned to work or the worker's attending physician releases the worker to return to regular or modified employment, or when the worker's accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions * * *."

The Board held that, despite the absence of medical information required by OAR 436-030-0015(2)(c), the Department is not authorized to set aside an insurer's closure notice as premature for the reason that the insurer did not obtain a closing examination report, because obtaining such a report is not a statutory prerequisite to the issuance of a notice of closure. The Board further concluded that to the extent that the Department's administrative rule, OAR 436-030-0020(4)(a), could be read to require a closing examination report before the issuance of a notice of closure, that rule exceeded the Department's authority under ORS 656.268(4)(a) and should be given no effect.

[2] The statute was amended in 1999. The previous version is applicable to this case.

Here, the Board found, the medical evidence available at the time of reconsideration established that claimant was medically stationary and had been released for modified work at the time of employer's notice of closure. Thus, it concluded that the statutory requirements for issuance of a notice of closure had been satisfied. Further, the Board adhered to its holding in *Rogan* that when the insurer has complied with the provisions of ORS 656.268(4)(a), the Department has no authority to rescind a notice of closure.

■ We conclude that the Board's interpretation of the statute is correct. Under ORS 656.268(4), a closing examination is not a prerequisite to the insurer's closure of the claim. Therefore, notwithstanding OAR 436-030-0020(4)(a), the Department's rescission of the claim closure for lack of a closing examination was not authorized under the statute. In addition, substantial evidence supports the Board's determination that employer *did* satisfy the statutory requirements for closure.

■ We turn briefly to claimant's argument on reconsideration of the Board's order. On reconsideration, claimant asserted that, pursuant to ORS 656.268(7) (1997),[3] he was entitled to have the case remanded to the Appellate Review Unit for a medical arbiter's examination and the processing of his request for permanent partial disability. We conclude that the Board properly declined to consider claimant's argument, because it was not raised at the hearing. *Fister v. Smith Hills Health Care*, 149 Or App 214, 942 P2d 833 (1997).

Affirmed.

---

[3] ORS 656.268(7) (1997) provided, in part:

"(a) If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, or if the director determines that sufficient medical information is not available to estimate disability, the director shall refer the claim to a medical arbiter appointed by the director.

"(b) At the request of either of the parties, a panel of three medical arbiters shall be appointed."