Argued and submitted August 8, 2002, affirmed February 12, 2003

In the Matter of the Compensation of
Karen L. Arms, Claimant.

SOUTH LANE COUNTY SCHOOL DISTRICT #45-J3,
and Connecticut Indemnity Company,
*Petitioners,*

*v.*

Karen L. ARMS,
*Respondent.*

01-00957; A115731

62 P3d 882

Jerald P. Keene argued the cause and filed the briefs for petitioners.

G. Duff Bloom argued the cause for respondent. With him on the brief was Cary, Wing, Bloom & Edmunson, P.C.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Employer seeks review of a Workers' Compensation Board order that affirmed an administrative law judge's (ALJ) order that affirmed a Workers' Compensation Division (WCD) order rescinding a notice of closure for insufficient medical impairment findings. We review for errors of law, ORS 183.482(8), and affirm.

The facts are undisputed. Claimant injured her knee at work in January 2000. Employer accepted the injury as a disabling right knee strain. Diagnostic surgery revealed an underlying degenerative disorder in claimant's right knee. Based on that finding, employer amended its acceptance in October 2000 to accept the strain as part of a combined condition. Employer then denied the ongoing compensability of the combined condition and issued a notice of closure. Claimant's condition was not medically stationary, and employer did not request a report from the attending physician noting the estimated impairment findings needed for closure.[1]

Claimant requested reconsideration of the notice of closure. On reconsideration, WCD rescinded the notice of closure because "the insurer failed to obtain sufficient information to determine the extent of any permanent disability pursuant to [the administrative rules]."[2] WCD's order on reconsideration was affirmed by order of an ALJ, which was in turn affirmed by the board.

---

[1] There was a finding from an independent medical examination that there was no impairment due to the accepted condition. However, employer does not argue that that finding was sufficient for purposes of ORS 656.245(2)(b)(B), which provides that "[e]xcept as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability."

[2] OAR 436-030-0034 requires that, for closure of a claim that is not medically stationary, there must be a major contributing cause denial and sufficient information to determine the extent of impairment. OAR 436-035-0007(5) details the impairment findings required for closure depending on the medically stationary status of the claim and overlap of the impairment findings of the accepted condition and the preexisting condition. OAR 436-030-0020(2) defines "sufficient information" as a closing medical examination and report that provides impairment findings in accordance with OAR 436-035-0007(5) or a physician's written statement that clearly indicates that there is no permanent impairment due to the accepted condition.

On judicial review, employer's sole assignment of error is that the board erred in rescinding employer's notice of closure based on insufficient impairment findings. Employer makes several alternative arguments in support of that assignment, all of which involve the scope of authority granted to WCD under ORS 656.268[3] regarding closure of claims that are not medically stationary. We address each argument in turn.

---

[3] ORS 656.268 provides, in part:

"(1) One purpose of this chapter is to restore the injured worker as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied worker. *The insurer or self-insured employer shall close the worker's claim, as prescribed by the Director of the Department of Consumer and Business Services [(DCBS)], and determine the extent of the worker's permanent disability*, provided the worker is not enrolled and actively engaged in training according to rules adopted by the director pursuant to ORS 656.340 and 656.726, when:

"(a) The worker has become medically stationary and there is sufficient information to determine permanent impairment;

"(b) The *accepted injury* is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7). When the claim is closed because the *accepted injury* is no longer the major contributing cause of the worker's combined or consequential condition or conditions, and there is sufficient information to determine permanent impairment, the likely impairment and adaptability that would have been due to the *current accepted condition* shall be estimated; * * *

"* * * * *

"(5)(a) Findings by the insurer or self-insured employer regarding the extent of the worker's disability in closure of the claim shall be pursuant to the standards prescribed by the [DCBS]. * * *

"* * * * *

"(6)(a) * * *

"* * * * *

"(C) If the director determines that a claim was not closed in accordance with subsection (1) of this section, the director may rescind the closure.

"* * * * *

"(7)(a) If the basis for objection to a notice of closure issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director.

"(b) If neither party requests a medical arbiter and the director determines that insufficient medical information is available to determine disability, the director may refer the claim to a medical arbiter appointed by the director."

(Emphasis added.)

Employer first argues that, under *Ball v. The Halton Co.*, 167 Or App 468, 6 P3d 1106 (2000), *rev den*, 331 Or 583 (2001), the board lacked authority to rescind the closure. In *Ball*, this court affirmed a board order that held that the Department of Consumer and Business Services (DCBS) did not have authority to rescind a claim closure as premature for lack of a closing examination. *Id.* at 474. Employer acknowledges that *Ball* was interpreting the 1997 version of ORS 656.268 and that substantial revisions were made to that statute in 1999. Or Laws 1999, ch 313, § 1. Nonetheless, employer contends that the 1999 amendments did not overrule *Ball*.

ORS 656.268(4)(a) (1997) provided that a claim may be closed by an employer when the worker's condition had become medically stationary and the worker had returned to work or when the worker's injury was no longer the major contributing cause of the worker's combined condition. Therefore, if either of those circumstances was present, the claim closure could not be rescinded as premature for other reasons, *e.g.*, lack of a closing medical report. *Ball*, 167 Or App at 472-74.

As amended in 1999, ORS 656.268(1) now provides that an employer shall close a worker's claim, *as prescribed by DCBS*, and determine the extent of the worker's disability when (1) the worker's condition becomes medically stationary and there is sufficient information to determine permanent impairment or (2) when the accepted injury is no longer the major contributing cause of the worker's combined or consequential condition. ORS 656.268(6)(a)(C) explicitly provides that the director may rescind the closure if a claim is not closed in accordance with ORS 656.268(1).[4] Therefore, if employer failed to close the claim as prescribed by DCBS, WCD had authority to rescind the closure.[5]

---

[4] That grant of authority was originally part of ORS 656.268(6)(a) (1999), and became ORS 656.268(6)(a)(C) in 2001. Or Laws 2001, ch 865, § 12.

[5] Employer does not dispute that the relevant administrative rules required employer to obtain a closing medical report with specified findings or a written statement from claimant's attending physician that clearly indicates that there is no permanent impairment. OAR 436-030-0020.

■ Next, employer argues that the closure complied with the administrative rules because there was no accepted injury at the time of closure and therefore no permanent impairment could be determined and no PPD benefits could be awarded. According to employer, an accepted injury that combines with a noncompensable preexisting condition is compensable only so long as the accepted injury is the major contributing cause of the worker's ongoing disability or need for treatment. Once the employer denied the ongoing compensability of the claim, as required by ORS 656.262(7)(b), there was no longer any accepted injury and therefore there was nothing to rate. We disagree.

Employer's argument rests on a false premise—that no accepted injury remains after it is determined to no longer be the major contributing cause of a combined condition— that derives from employer's failure to distinguish between the denial of the continuing compensability of the combined condition versus a denial of the original accepted injury. The text and context of the relevant statutes demonstrate that an accepted injury exists apart from a combined condition. *See* ORS 656.262(7)(b) ("[E]mployer must issue a written denial to the worker when *the accepted injury is no longer the major contributing cause of the worker's combined condition* before the claim may be closed." (Emphasis added.)); ORS 656.268(1) ("When the claim is closed because the *accepted injury* is no longer the major contributing cause of the worker's combined or consequential condition * * * the likely impairment and adaptability that would have been due to the *current accepted condition* shall be estimated." (Emphasis added.)).

■ Employer's interpretation of the statutes in effect turns the denials under ORS 656.262(6)(c)[6] and (7)(b)[7] into backup denials that revoke the original acceptance of a claim.

___

[6] ORS 656.262(6)(c) provides that:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7) * * * shall not preclude the insurer or self-insured employer from later *denying the combined or consequential condition* if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

(Emphasis added.)

[7] ORS 656.262(7)(b) provides:

*See* ORS 656.262(6)(a) (providing circumstances—fraud, misrepresentation, and other illegal activity—where the insurer or self-insured employer may revoke acceptance and issue a denial). To the contrary, the denial permitted by ORS 656.262(6)(c) is a denial of the continuing compensability of the combined condition and not a revocation of the original accepted injury. Thus, when the continuing compensability of a combined condition is denied because the otherwise compensable injury is no longer the major contributing cause of the combined condition, the underlying accepted injury remains compensable and must be closed pursuant to ORS 656.268(1).

Employer's final argument is that DCBS lacked authority to promulgate its rules. Specifically, employer argues that "the statute accords no authority to write rules that would require an employer to compile impairment information on a combined injury claim in which a major contributing cause denial of the entire current condition has issued * * *." That argument, like employer's second argument, incorrectly assumes that no accepted condition remains after the continuing compensability of a combined condition has been denied. Thus, we reject employer's narrow attack on the rules and otherwise note that ORS 656.268(5)(a) permits DCBS to promulgate rules on impairment findings.

For the above reasons, we affirm the board's rescission of the notice of closure.

Affirmed.

---

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when *the accepted injury is no longer the major contributing cause of the worker's combined condition* before the claim may be closed."

(Emphasis added.)